IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| FIRST BANK BUSINESS CAPITAL INC., as assignee of JOSEPH E. SARACHEK, CHAPTER 11 TRUSTEE,<br><br>   Plaintiff,<br><br>v.<br><br>FJB, LLC,<br>   Defendant. | No. C09-1032 EJM<br><br>ORDER |

This matter is before the court on defendant's resisted Motion to Dismiss or Transfer, filed December 18, 2009, and on plaintiff's resisted Motion for Jurisdictional Discovery, filed January 11, 2010. Briefing concluded January 22, 2010. Ruling reserved on Motion to Dismiss or Transfer; Motion for Jurisdictional Discovery granted.

Plaintiff is the assignee of Joseph E. Sarachek, Chapter 11 trustee of the bankruptcy estate of non-party debtor Agriprocessors, Inc., and is a Missouri corporation with its principal place of business in St. Louis, Missouri. Plaintiff brings this action against defendant FJB LLC, a New York limited liability corporation with its principal place of business in Hewlett, New York. Jurisdiction is based on 28 USC §1332.

In Count 1 (Suit on Account) of the Amended Complaint filed November 19, 2009, plaintiff asserts debtor supplied goods to defendant on account, and that in light of plaintiff's holding a first-priority, perfected, senior security interest in the goods, and the accounts owing from defendant to debtor in respect of the goods,

and upon an order of the US Bankruptcy Court for the Northern District of Iowa causing plaintiff to become holder and payee of the accounts, plaintiff seeks payment of the total amount of the accounts (which appeared to total $393,682.26 as of February, 2009), together with prejudgment and post-judgment interest, attorneys' fees, and costs.

In Count 2 (Turnover), plaintiff asserts that 11 USC §542 requires defendant make immediate payment to the Trustee of all amounts due and owing in respect to accounts and invoices, and the Trustee having assigned all interest therein to plaintiff, plaintiff is entitled to immediate turnover of all amounts owing therefrom.

In Count 3 (Conversion and Lien Superiority), plaintiff asserts that to the extent defendant received property from debtor in violation of plaintiff's superior lien interest, defendant is liable to plaintiff therefor due to plaintiff's validly perfected superior lien interest in the property, and plaintiff seeks judgment thereon.

Defendant seeks dismissal, or transfer to the US District Court for the Eastern District of New York pursuant to 28 USC §1404(a). In support, defendant asserts that its Iowa contacts include only three wire transfers to Iowa, a few telephone calls to Iowa, and one check made out to an Iowa company, and are thus insufficient to support personal jurisdiction. Defendant contends that even if those limited contacts support personal jurisdiction, the matter should be dismissed pursuant to the doctrine of forum non conveniens, as it would be unduly oppressive and unjust to require defense of this action in Iowa. Alternatively, defendant seeks transfer to the

US District Court for the Eastern District of New York where it asserts jurisdiction is proper, and the interests of justice and convenience would be better served.

Plaintiff resists, urging that defendant's activities in Iowa, including its relationship with the debtor, confer specific personal jurisdiction over defendant. As characterized by plaintiff, defendant made a series of loans to debtor totaling more than $420,000, to be repaid at a future date. As part of this transaction, plaintiff asserts that defendant proposed that it purchase meat from debtor, processed in and transferred from debtor's Iowa business, and that the loans were followed by a shipment of meat inventory months later. Plaintiff asserts that there existed a lender/borrower relationship with apparent substantial contacts, with a transfer of inventory from debtor to defendant, sufficient to support specific personal jurisdiction in this action. Alternatively, plaintiff seeks limited jurisdictional discovery.

Upon review of the record, it is the court's view that discovery will assist in determining whether the exercise of personal jurisdiction is appropriate. Plaintiff shall be permitted to conduct discovery, including written discovery and depositions, limited to the issue of defendant's contacts with Iowa, its citizens and residents. Upon the conclusion of jurisdictional discovery, the parties may renew and supplement their positions as appropriate.

It is therefore

ORDERED

1. Ruling reserved on Motion to Dismiss or Transfer.

2. Motion for jurisdictional discovery granted. Plaintiff shall forthwith submit a discovery plan to the court for review and determination by the US Magistrate Judge.

3. Upon the conclusion of jurisdictional discovery, the US Magistrate Judge is requested to set a briefing schedule for the parties to renew and supplement their positions as they deem appropriate.

June 10, 2010.

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT